# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: A.M. IV & J.M.**

**No. 14-0698** (Logan County 13-JA-67-68)

**FILED**

November 24, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Paternal Aunt and Uncle, by counsel Mark Hobbs, appeal the Circuit Court of Logan County's June 25, 2014, order denying their amended motion to intervene. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian") for the children, Donna L. Pratt, filed a response on behalf of the children supporting the circuit court's order. Respondent Mother, by counsel Ashley Cochran, filed a response supporting the circuit court's order. On appeal, petitioners allege that the circuit court erred in denying their motion to intervene in the proceedings below.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2013, the DHHR filed an abuse and neglect petition against the parents due to their significant history of drug use and poor conditions in the home. In November of 2013, the circuit court held a preliminary hearing, which the parents waived. During the hearing, the parents moved for improvement periods, which were later granted. Prior to the hearing, the guardian met with petitioners, who expressed a desire to adopt the children. As such, the guardian requested that visitation be scheduled with a third-party provider to avoid issues between petitioners and Respondent Mother during scheduled visits.

Following a multi-disciplinary team ("MDT") meeting in December of 2013, the DHHR placed the children in petitioners' home. That same month, petitioners filed a motion to intervene, citing a bond and history with the children. The circuit court, however, did not schedule the motion for hearing. Thereafter, the circuit court held multiple status hearings to monitor the parents' progress in their improvement periods. Ultimately, in May of 2014, the circuit court held a status hearing, during which Respondent Mother requested that visitation be transitioned into her residence. The circuit court ordered that such visitation occur with the assistance of a service provider.

The following month, petitioners filed an amended motion to intervene. The circuit court then held a dispositional hearing on June 19, 2014. At the close of evidence, the circuit court

1

found that Respondent Mother had completed her improvement period and, as such, ordered that she be granted legal custody of the children and dismissed the petition as to her, with a provision for services for up to ninety days and completion of reunification transition. The DHHR and the guardian objected to petitioners' motion to intervene, and the circuit court found the same moot given that the children were reunified with Respondent Mother. As such, petitioners' motion was denied. It is from the dispositional order that petitioners appeal.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's denial of petitioners' amended motion to intervene. While petitioners argue that placing the children in their care during the underlying proceedings granted them certain due process rights that required their participation in the proceedings, the Court does not agree.

We have routinely held that

> "[i]n the law concerning custody of minor children, no rule is more firmly established than that the right of a natural parent to the custody of his or her infant child is paramount to that of any other person; it is a fundamental personal liberty protected and guaranteed by the Due Process Clauses of the West Virginia and United States Constitutions." Syl. Pt. 1, *In re Willis*, 157 W.Va. 225, 207 S.E.2d 129 (1973).

Syl. Pt. 3, *In re N.A.*, 227 W.Va. 458, 711 S.E.2d 280 (2011). Conversely, in addressing this issue, we have stated that while our prior case law and West Virginia Code § 49-6-2(c) "appear[] to afford foster parents a right to participate in abuse and neglect proceedings, we believe sound public policy and the overall purposes of both statutory and case law regarding abuse and neglect proceedings dictate that such participation have its limits." *In re Jonathan G.*, 198 W.Va. 716, 729, 482 S.E.2d 893, 906 (1996). In further discussing the issue, the Court directed that "the foster parents' involvement in abuse and neglect proceedings should be separate and distinct from the fact-finding portion of the termination proceeding and should be structured for the

purpose of providing the circuit court with all pertinent information regarding the child." *Id.* Moreover, we have stated that when allowing foster parent intervention, "the circuit court must assure that the proceeding does not evolve into a comparison of the relative fitness of the foster parents versus the biological parents." *Id.*

On appeal, petitioners argue that they should have been allowed to intervene in an attempt to affect disposition. Namely, petitioners allege that the circuit court granted the parents too much deference for completing their improvement periods, and petitioners would have provided evidence of the effect the parents' drug abuse had on the children. We find that this type of evidence is specifically the type the Court sought to limit in *Jonathan G.*, that is alleged evidence in favor of terminating the parents' parental rights and a comparison of the fitness of the two homes in question. We have further held that "[t]he level and type of [a foster parent's] participation in [abuse and neglect] cases is left to the sound discretion of the circuit court . . . ." *Id.* Further, while petitioners argue that they should have been allowed to intervene so that the circuit court could have more thoroughly considered the children's safety, the record indicates that petitioners were involved in the MDT process and provided relevant information regarding the children while in their care. For these reasons, the Court finds no abuse of discretion in the circuit court's denial of petitioners' amended motion to intervene.

For the foregoing reasons, we find no error in the decision of the circuit court and its June 25, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: November 24, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II